UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN HOOD : | |
| 252 E DOE RUN ROAD : | CASE NO.: |
| KENNETT SQUARE, PA 19348 : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| RESURGENT CAPITAL SERVICES, LP : | |
| 55 Beattie PL, STE 110 : | |
| GREENVILLE SC 29601-5115 : | |
| : | |
| : | |
| AND : | |
| : | |
| Cach LLC : | |
| 55 Beattie PL, STE 110 : | |
| GREENVILLE SC 29601-5115 : | |
| Defendants | |

**COMPLAINT**

COMES NOW by counsel your plaintiff Bryan Hood (hereafter "Hood" or "Plaintiff") and for his *Complaint* against CACH LLC (hereafter "CACH"), and Resurgent Capital Services, LP, (hereafter "Resurgent") (collectively hereafter "Defendants") for false, deceptive, and abusive debt collection activity:

**I. INTRODUCTION**

**NATURE OF THE ACTION**

1. This action is brought by Plaintiff against Defendants on account of their violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), the *Pennsylvania Unfair Trade Practices and Consumer Protection Law*, 73 Pa. Stat. §§

201 *et seq.* ("UTPCPL") and the *Fair Credit Extension Uniformity Act* 73 Pa. Stat. §§ 2270 et seq.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction of Plaintiff's federal law claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

3. The Court has subject matter jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367 because Plaintiff's state law claims are so related to the federal claims that they form part of the same case or controversy.

4. The Court has personal jurisdiction over Defendants because Plaintiff's claims arose in this district.

5. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events and/or omissions at issue occurred in this district.

6. Defendants use instrumentalities of interstate commerce, such as telephone, mail, and the internet, to collect on debt.

7. The acts necessary or precedent to bringing this lawsuit originated in the Eastern District of Pennsylvania.

8. Federal law governs the facts and questions of law precedent to this suit.

9. Plaintiff also bring an addition action arising under state law under this court's pendent jurisdiction.

10. This Court has jurisdiction.

## II. PARTIES

11. Plaintiff Bryan Hood is a natural person residing in Chester County, Pennsylvania. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

12. At all times material to this lawsuit, Cach LLC ("Cach" or "Defendant") is a foreign limited liability company registered in the state of Colorado.

13. Defendant CACH is a limited liability company with its principal place of business in Greenville, South Carolina.

14. Defendant Resurgent Capital Services, LP ("Resurgent") is a limited partnership with its principal place of business in Greenville, South Carolina.

15. CACH's sole business is purchasing defaulted consumer debt for the purpose of collecting that debt at a profit.

16. CACH purchases defaulted consumer debt at steep discounts, most (if not all) times for pennies on the dollar.

17. Resurgent's sole business is collecting debts, either directly or indirectly through third parties, that are purchased and owned by CACH and other affiliated debt buyers, including calling consumers and sending them letters, filing lawsuits against consumers, and reporting and obtaining information about consumers to credit reporting agencies on behalf of and in the name of CACH and other affiliated debt buyers.

18. Defendants are debt collectors as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

19. Defendants are entities whose business consists of acquiring alleged consumer debt portfolios and or collecting on them.

### III. FACTUAL ALLEGATIONS
### DEFENDANTS' ILLEGAL COLLECTION PRACTICES

20. Cach sued Plaintiff in the Court of Common Pleas for the County of Chester. It

Complaint

commenced its debt collection lawsuit against the plaintiff in 2016 in Court of Common Pleas of Chester County, Pennsylvania, styled *Cach LLC v. Bryan Hood*, at docket 2016-08653-CT. As is stated in its lawsuit, Cach commenced the state court complaint for the purpose of collecting a consumer debt from Plaintiff in the amount in the amount of $14,136.88. See Exhibit A.

21. Cach claimed in its state court lawsuit that it had acquired a debt owed by Plaintiff to FIA Card Services which had allegedly obtained the debt from MBNA America, NA.

22. Plaintiff Hood prevailed against Cach in state court; judgment was entered for Plaintiff Hood and against Cach by the Honorable Robert Shenkin and the Honorable Edward Griffin, Judge of the Court of Common Pleas of Chester County, Pennsylvania on March 27, 2017. No appeal taken from that judgment; the judgment is final and *res judicata*.

23. Notice of the judgment entered for Hood and against Cach was sent to Cach's attorney by the Prothonotary of the Court of Common Pleas of Chester County on March 28, 2017.

24. Cach issued IRS form 1099C to Plaintiff in which it falsely asserted that it had forgiven a debt – the very same debt which was the subject of lawsuit it lost to Plaintiff.

25. As a result of Cach's false and fraudulent tax filing, Hood did not dispute Cach's fraudulent report of income and, Plaintiff recognized the "forgiven debt" amount as income in 2018.

26. Although Cach had actual notice that it lost its state court action against Hood in 2017, Cach and its co-defendant have a long-standing illegal practice of pursuing

4

Complaint

consumers after settlement of lawsuits and/or after losing lawsuits.

27. Such conduct is on its face abusive under the FDCPA.

28. In or about 2020, Cach and Resurgent retained debt collector Dynamic Recovery Solutions, LLC to collect $14,136.88 from the plaintiff; this is the same debt which was the subject of Cach's 2016 state court lawsuit – the lawsuit it lost.

29. Dynamic Recovery Solutions, LLC assigned number 129147780 to the collection.

30. Dynamic Recovery Solutions, LLC sent correspondence dated November 28, 2020, to plaintiff Hood and demanded payment from Hood. See Exhibit B.

31. Dynamic Recovery Solutions, LLC followed up with telephone calls to Hood demanding payment of the Debt.

32. Dynamic continued to make debt collection telephone demands for payment of a debt which did not exist until Plaintiff's counsel contacted Dynamic in February 2021 and demanded that the illegal collection calls cease.

33. At all times relevant hereto, Defendants were acting by and through Dynamic, its agent, servant and/or employees, and Dynamic was acting within the scope and course of his employment, and under the direct supervision and control of the Defendants herein. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for law and the rights of the plaintiff.

34. Defendants' collection action was a fraudulent attempt to extract money from Plaintiff.

35. The Defendants have repeatedly attempted to collect debts which were previously settled or otherwise resolved; they have been repeatedly sued for this fraudulent

5

conduct.

36. The debt the defendants were attempting to collect originally arose out of a transaction primarily for personal, family or household purposes.

37. At all pertinent times hereto, as a matter of well-established law, the Defendants acted in a false, deceptive, unfair and unethical manner in communications with the Plaintiff by falsely representing the character, amount, or legal status of the debt.

38. Plaintiff and the objective least sophisticated consumer are protected by the Fair Debt Collection Practices Act (the "FDCPA.")  This law protects the unsophisticated consumer, such as the Plaintiff, from unlawful and improper communication about their alleged debts.

39. Such action by the Defendants created the reasonable probability that the least sophisticated debtor would be induced to ignore the fact that the debt no longer exists.

40. At all times pertinent hereto, the conduct of defendants was willful, malicious, intentional, reckless, negligent and in wanton disregard for federal and state law and the rights of the plaintiffs herein.

41. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have and should have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so.

42. As a result of the Defendants previously mentioned conduct, Plaintiff suffered and sustained actual damages as he consulted with and paid an attorney for a consultation to determine his rights after receiving the Dynamic's Collection Letter and voice mails, all to Plaintiff's great detriment and loss.

43. As a further direct and proximate result of defendants' conduct, plaintiff has also suffered severe emotional distress, anxiety, humiliation, embarrassment and upset, all of which has continued to date and may continue for an indefinite time in the future.

### IV. **VIOLATION OF THE FDCPA**

44. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

46. Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA.

47. The Collection Letter (Exhibit B) from Dynamic, Defendants' agent and that agent's telephone calls to the Plaintiff constitute a "communication" relating to a "debt" as defined by § 1692a(2) and (5) of the FDCPA.

48. Defendant violated the FDCPA as to the Plaintiff which include, but is not limited to, violations of 15 U.S.C. §§ 1692(b)(1), 1692(b)(2), 1692(e)(3), 1692(e)(3), 1692(e)(11) and 1692c(b), as evidenced by the following conduct:

    a. Making false, deceptive, or misleading representation or means in connection with the collection of a debt;

    b. Using any false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt including the character, amount or legal status of any debt;

    c. Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

49. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

50. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages and attorneys' fees at the hourly rate of $500.00 in addition to all costs.

## V. VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

51. The preceding paragraphs are repeated here as if set forth at length.

52. Defendants' unfair and deceptive debt collection act or practice of issuing a false and fraudulent IRS form 1099C as aforesaid is a violation of the act of December 17, 1968 (P.L. 1224, No. 387), known as the *Unfair Trade Practices and Consumer Protection Law*. See 73 P.S. § 2270.5.

53. Defendants' violation of 42 Pa.C.S. § 2524(a), as aforesaid, is also a violation of the act of December 17, 1968 (P.L. 1224, No. 387), known as the *Unfair Trade Practices and Consumer Protection Law*.

54. As a direct and proximate result of Defendants' conduct, the Plaintiff suffered actual damages in the amount of taxes overpaid and counsel fees incurred.

WHEREFORE, Defendants' willful and wanton outrageous conduct, violating the laws of the Commonwealth and warrant the imposition of treble damages and the cost of Plaintiff's counsel fees incurred at the rate of $500.00 per hour in addition to actual costs.

Complaint

## VI. VIOLATION OF THE FAIR CREDIT
## EXTENSION UNIFORMITY ACT
## (FCEUA)
## 73 Pa. Stat. §§ 2270 *et seq.*

55. Plaintiff repeats and re-alleges all prior allegations as if set forth at length herein.

56. Plaintiff is a consumer under the FCEUA, the Account is a debt under the FCEUA, and Defendants are debt collectors or creditors under the FCEUA. 73 Pa. Stat. § 2270.3.

57. In the event Defendants are debt collectors, their actions and practices described herein constitute as unfair and/or deceptive debt collection acts or practices under the FCEUA because they violate 15 U.S.C. §§ 1692e and 1692f, as explained above. 73 Pa. Stat. § 2270.4(a).

58. In the event Defendants are creditors, their actions and practices described herein constitute as unfair or deceptive debt collection acts or practices under the FCEUA because they constitute as: false, deceptive or misleading representations or means in connection the collection of a debt; and/or unfair or unconscionable means to collect or attempt to collect a debt. 73 Pa. Stat. § 2270.4(b).

59. Defendants' engagement in unfair or deceptive debt collection acts or practices under the FCEUA constitute as violations of the UTPCPL. 73. Pa. Stat. § 2270.5(a).

60. Plaintiff lost money or property as a result of Defendants' violations and therefore is entitled to actual damages, statutory damages, treble damages, and attorneys' fees and costs under 73 Pa. Stat. § 201-9.2In the event Defendants are debt collectors, their actions and practices described herein constitute as unfair and/or deceptive debt collection acts or practices under the FCEUA because they violate 15 U.S.C. §§ 1692e and 1692f, as explained above. 73 Pa. Stat. § 2270.4(a).

61. In the event Defendants are creditors, their actions and practices described herein constitute as unfair or deceptive debt collection acts or practices under the FCEUA because they constitute as: false, deceptive or misleading representations or means in connection the collection of a debt; and/or unfair or unconscionable means to collect or attempt to collect a debt. 73 Pa. Stat. § 2270.4(b).

62. Defendants' engagement in unfair or deceptive debt collection acts or practices under the FCEUA constitute as violations of the UTPCPL. 73. Pa. Stat. § 2270.5(a).

63. Plaintiff lost money or property as a result of Defendants' violations and therefore is entitled to actual damages, statutory damages, treble damages, and attorneys' fees and costs under 73 Pa. Stat. § 201-9.2.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

   a. An order awarding actual, statutory, treble, and all other damages available by law, along with pre-and post-judgment interest;

   b. An order awarding attorney's fees and costs;

   c. An order declaring Defendants' conduct unlawful; and

   d. An order awarding all other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

                          **RESPECTFULLY SUBMITTED,**

                          /s/ RICHARD N. LIPOW
                           RNL3966
                          By_____
                          RICHARD N. LIPOW, ESQUIRE